UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| JAMES ADAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 3:04-00346 |
| | ) | JUDGE HAYNES |
| | ) | |
| STATE OF TENNESSEE, | ) | |
| | ) | |
| Respondent. | ) | |

## M E M O R A N D U M

Petitioner, James Adams, filed this action under 28 U.S.C. § 2254, seeking the writ of habeas

corpus to set aside his state sentence for convictions for attempted second degree murder, aggravated

burglary, and two counts of aggravated assault. After a review of the pro se petition, the Court

appointed the Federal Public Defender who filed a motion to hold Petitioner's petition in abeyance

pending the exhaustion of state remedies. (Docket Entry Nos. 3 and 7). The Court granted

Petitioner's motion, and this action was stayed. (Docket Entry No. 9). On February 8, 2010,

Petitioner filed a motion to reopen and an amended petition.[1] The Court granted Petitioner's motion

to reopen this action on April 7, 2010.

Petitioner's claim is that his sentence was based upon unlawful enhancements in violation

of Cunningham v. California, 549 U.S. 270 (2007), United States v. Booker, 543 U.S. 220 (2005),

---

[1]The Federal Rules of Civil Procedure can apply in a habeas proceeding. Mayle v. Felix, 545
U.S. 644, 649 (2005) ; Rule 6(a), Rules Governing Section 2254 Cases. Under Fed. R. Civ. P. 15 (a),
the filing of an amended complaint supercedes the prior complaint. Clark v. Tarrant County, 798
F.2d 736, 740-41 (5th Cir. 1986). Thus, the Court deems the amended petition to supercede the pro
se petition.

Blakely v. Washington, 542 U.S. 296 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000). Specifically, Petitioner contends that the trial court's decision to run three of the four sentences consecutively was improperly based upon the trial court's finding that Petitioner's criminal activity was extensive and Petitioner was a dangerous offender whose behavior indicated little or no regard for human life and no hesitation about committing a crime in which the risk to human life was high.

Before the Court is Respondent's motion to dismiss (Docket Entry No. 20), contending that Petitioner's petition should be dismissed because Petitioner previously filed a petition for writ of habeas corpus in federal court in 2002 and failed to obtain the Sixth Circuit's authorization for the filing of a second or successive petition as required under 28 U.S.C. § 2244(b)(3)(A).[2]

## A. Procedural History

On 11 March 1998, a jury convicted Petitioner of attempted second degree murder, aggravated burglary, and two counts of aggravated assault. The trial court sentenced Petitioner to twenty years for his conviction of attempted second degree murder, fifteen years for aggravated burglary, and fifteen years for each of the aggravated assault counts. The court ordered the aggravated burglary sentence to run concurrently, but the other sentences were ordered to run consecutively, for an effective sentence of fifty years. State v. Adams, No. M1998-00468-CCA-R3-CD, 1999 WL 1179580, at *1 (Tenn. Crim. Ct. App. Dec. 15, 1999). On appeal, the Tennessee Court of Criminal Appeals affirmed his conviction and sentence. On

---

[2]Petitioner filed a pro se response and motion to strike (Docket Entry No. 26) in opposition to Respondent's motion to dismiss. A party who has counsel cannot file separate papers, United States v. Howton, 229 Fed. Appx. 362, 370 (6th Cir. 2005), including in habeas actions. Keenan v. Bagley, No. 1:01CV2139, 2010 WL 1133238, at *1 (N.D. Ohio 2010); Adams v. Schwartz, No. CIV S-05-2237 RRB JFM P, 2008 WL 217514, at *1 (E.D. Cal. 2008). Thus, the Court considers only claims briefed in the amended petition filed by his counsel. Accordingly, the Court concludes that Petitioner's motion to strike (Docket Entry No. 26) should be denied.

September 25, 2000, the Tennessee Supreme Court denied petitioner's application for permission to appeal from the judgment of the Tennessee Court of Criminal Appeals.

Petitioner did not seek post-conviction relief in state court, but filed for federal habeas relief on March 11, 2002. (Docket Entry No. 21, Attachments 3 and 5). On July 29, 2002, the District Court dismissed Petitioner's petition as time barred under 28 U.S.C. § 2244(d)(1)(A). Id., Attachments 4 and 5. The Sixth Circuit denied Petitioner's application for a certificate of appealability on July 23, 2003. Id., Attachment 6.

On or around April 14, 2004, Petitioner filed the current action before this Court. The Court entered an order holding Petitioner's petition in abeyance pending the exhaustion of state remedies. (Docket Entry No. 9). On November 30, 2007, Petitioner filed a pro se petition for post-conviction relief in the state trial court that was denied as time barred. Adams v. State, No. M2007-02898-CCA-R3-PC, 2008 WL 4791495, at *1 (Tenn. Crim. Ct. App. Nov. 4, 2008). On appeal, the Tennessee Court of Criminal Appeals affirmed. Id. at *2. On February 8, 2010, Petitioner filed a motion to reopen and an amended petition. The Court granted Petitioner's motion to reopen this action on April 7, 2010.

## B. Review of the State Record

As to the facts underlying the state court's imposition of consecutive sentences on Petitioner's convictions, the Tennessee Court of Criminal Appeals found[3] as follows:

> Pursuant to Tennessee Code Annotated § 40-35-115(b)(2), (4), the trial court ordered consecutive sentences after finding by a preponderance of the evidence that the Defendant is an offender whose record of criminal activity is extensive and that the Defendant is a dangerous offender whose behavior indicates little or no regard for

---

[3]State appellate court opinion findings can constitute factual findings under 28 U.S.C. § 2254(d) with a statutory presumption of correctness. Sumner v. Mata, 449 U.S. 539, 546-47 (1981).

3

human life and no hesitation about committing a crime in which the risk to human life is high. While either of these factors would support consecutive sentencing, see Tenn.Code Ann. § 40-35-115(b), both factors are supported by the record.

The Defendant stipulated his prior criminal history. The presentence report reflects seven prior felony convictions and six prior misdemeanor convictions. These convictions range in time from April 1978 to May 1993 and include such crimes as assault, aggravated assault, escape, burglary, and sexual battery. The presentence report also reflects pending coercion of a witness charges stemming from the letters and pictures sent to Ms. Lewis, as well as twenty-seven arrests that did not result in convictions or have unknown dispositions. These arrests range in time from May 1978 to December 1993. Based on the Defendant's prior criminal record, the evidence does not preponderate against the determination that the Defendant is an offender whose record of criminal activity is extensive; thus this finding supports the imposition of consecutive sentencing. See State v. Lee, 969 S.W.2d 414, 418 n. 2 (Tenn.Crim.App.1997) (trial court properly found record of criminal activity to be extensive when defendant was arrested and/or convicted of at least twelve offenses, including felonies and misdemeanors).

Similarly, the evidence does not preponderate against the trial court's determination that the Defendant is a dangerous offender whose behavior indicates little or no regard for human life and no hesitation about committing a crime in which the risk to human life is high. In support of its determination, the trial court considered the nature of the crime, the Defendant's comments to Linda Lewis that he was going to kill her, the Defendant's comments to Christine Lewis that he should have killed her, and the comments heard by Tamika Rucker that next time he would kill Ms. Lewis or he should have killed her. The trial court also considered the disturbing letters and pictures sent to Ms. Lewis from jail, from which it can be inferred that the Defendant still wanted to harm or kill Ms. Lewis after being arrested. Finally, the trial court considered the Defendant's statement to Officer Gatwood that he stabbed his girlfriend because she was "sleeping with someone else" and he would do it again if he got the chance. This evidence greatly supports the finding that the Defendant has no hesitation about committing a crime where the risk to human life is high and that he has little or no regard for human life.

Though the Defendant clearly falls within the definition of "dangerous offender," our supreme court has held that before an offender may be sentenced to consecutive sentences based on a finding that the offender is dangerous, "[t]he proof must also establish that the terms imposed are reasonably related to the severity of the offense committed and are necessary in order to protect the public from further criminal acts by the offender." State v. Wilkerson, 905 S.W.2d 933, 938 (Tenn.1995). See also State v. David Keith Lane, No. 03-S-01-9802-CC-00013 (Tenn. Sept. 27, 1999) (holding Wilkerson factors apply only when sentencing pursuant to the dangerous

4

offender category). The trial court found that the proof established these factors, and we agree. The Defendant broke into Ms. Lewis' home and tried to kill her. In the process of trying to kill Ms. Lewis, he assaulted Ms. Lewis' mother and daughter with a knife. He repeatedly stated that he either would kill Ms. Lewis or that he should have killed her. He told an officer that he would do it again. He sent Ms. Lewis disturbing letters and pictures from jail, indicating that he wanted to kill Ms. Lewis. Dr. Schleicher testified that the Defendant still has the same type of impulsive personality. He has refused any type of treatment for his mental condition. It was thus appropriate for the trial court to impose consecutive sentences because the Defendant is a dangerous offender and consecutive sentences are both reasonably related to the severity of the offense and necessary to protect the public from further criminal activity.

State v. Adams, 1999 WL 1179580, at *12-13.

On post-conviction appeal, the Tennessee Court of Criminal Appeals concluded:

In the present case, Petitioner filed his post-conviction petition more than seven years after he was convicted. He claims that the limitations period should be tolled because the trial court improperly enhanced his sentences. This claim is based upon the Tennessee Supreme Court's decision in State v. Gomez, 239 S.W.3d 733 (Tenn.2007) and the rulings of the United States Supreme Court in Cunningham v. California, 549 U.S. 270, 127 S.Ct. 856, 166 L.Ed.2d 856 (2007); Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004); and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).

This claim was not raised until after the conclusion of the conviction proceedings, after the petitioner's convictions had become final. This court has held that the holdings of Cunningham, Blakely, and Apprendi are not to be applied retroactively. See, e.g., Billy Merle Meeks v. Ricky J. Bell, No. M2005-00626-CCA-R3-HC, Davidson County (Tenn.Crim.App. Nov. 13, 2007), app. denied (Apr. 7, 2008). This claim is not a cognizable basis for post-conviction relief.

Adams , 2008 WL 4791495, at *2.

### C. Conclusions of Law

Actions under 28 U.S.C. § 2254 are governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Lindh v. Murphy, 521 U.S. 320, 336 (1997).

Under the AEDPA, federal courts may not grant habeas relief for claims adjudicated on their merits in a state court proceeding unless that state court proceeding:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d).

Twenty-eight U.S.C. § 2244(b)(3)(A) requires that "[b]efore a second or successive application [for writ of habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." A habeas petition is considered a "second or successive petition" if the prior habeas petition was dismissed "on the merits." Gonzalez v. Crosby, 545 U.S.524, 532 (2005); In re Bowen, 436 F.3d 699, 704 (6th Cir. 2006).

Respondent argues that Petitioner's petition should be dismissed because he did not seek to obtain the Sixth Circuit's authorization before filing a second or successive application for habeas corpus relief. Yet, Petitioner's previous federal habeas petition was not decided on the merits. See (Docket Entry No. 9). Thus, the Court concludes that Petitioner's petition is not a "second or successive petition" and therefore Respondent's motion to dismiss should be denied.

An appropriate Order is filed herewith.

**ENTERED** this the ___ day of February, 2011.

WILLIAM J. HAYNES, JR.
United States District Judge